ARCHER *v.* HIGH.

(Division B.   Sept. 28, 1942.)

[9 So. (2d) 647.   No. 34960.]

**B. F. Bell,** of Starkville, for appellant.

Lavell W. Brown and Daniel & Bates, all of Starkville, for appellee.

Alexander, J., delivered the opinion of the court.

This is a suit on open account in the sum of $109 brought by Archer before a justice of the peace. Judgment was recovered for $34. Motion was made by the

defendant for a rule against plaintiff for costs who, in compliance with an order thereon, deposited the sum of $5 in court. Pending appeal to the circuit court by the defendant, this deposit was withdrawn by plaintiff.

Motion was again made by High in the circuit court for security for costs and an order was entered allowing Archer sixty days in which to comply therewith. At the following term, the rule not having been complied with, High made a motion to dismiss the appeal, which motion was sustained and the case dismissed. Archer appeals from such order of dismissal upon the ground that the circuit court was without power to require security for costs. Appellant contends that there is no statutory authority for requiring a successful appellee to furnish security for costs. The argument is (1) that the cause is before the circuit court not at the instance of the appellee, who was the successful plaintiff in the justice court, and (2) that, in view of the existing appeal bond filed by appellant, defendant below, there is no necessity nor propriety for an additional bond. High contends that if Section 656, Code of 1930, does not apply, authority for the rule may be found in Section 682 thereof which provides that: "If a case shall occur in any court not embraced expressly or by fair implication in some provision of law, the court may make such order for the payment of costs by any of the parties as, in its discretion, may be proper . . ."

All appeals from a justice of the peace are heard de novo, which means that such appeals "are to be tried anew, as if never tried before." Callahan v. Newell, 61 Miss. 437; Amory Independent Telephone Co. v. Cox, 103 Miss. 541, 60 So. 641; Code 1930, Sec. 67. Consistent with this view, it is not necessary for us to refer defendant's right to require such security to Section 682, but the rights of both parties are the same as if the suit had been originally brought in the circuit court. Since additional costs have accrued to abide the event of the appeal, there is more reason for the defendant now to seek the protec-

tion of the statute. Plaintiff, who must now prosecute his case anew, enjoys the privilege of seeking a larger judgment and is confronted with the possibility of liability for further costs in the event he loses his case or recovers judgment for less than the amount appealed from. Section 679, Code 1930. Other applicable statutes deal with additional contingent liability of plaintiff upon appeal.

Under Section 656, Code 1930, the circuit clerk may, in enumerated cases, require security for costs from a plaintiff. It could not reasonably be argued that the clerk, whose first opportunity to protect himself by the statute arises when the case is docketed by him on appeal, is without power to require such security. Nor should any distinction be made between the clerk and "any other party interested" since the statute makes none. High's bond was a condition of his appeal. Its function was not to supplant the contingent liability of Archer for costs, which remains a necessary incident of a trial de novo in which he retains the privileges and liabilities of a plaintiff. McMurray v. Liddell, 227 App. Div. 116, 237 N. Y. S. 131; Thompson v. Miller, 2 Stew., Ala., 470; Boatz v. Berg, 51 Mich. 8, 16 N. W. 184; Farmers' Nursery Co. v. Harshberger, 25 Pa. Co. Ct. R. 456; Simanek v. Nemetz, 120 Wis. 42, 97 N. W. 508.

Affirmed.