GARTH ROWE MASON, appellee, v. WORLD WAR II SERVICE COMPENSATION BOARD of Iowa and STATE OF IOWA, appellants.

No. 47989.

(Reported in 51 N.W.2d 432)

342

FEBRUARY 5, 1952.

Robert L. Larson, Attorney General, and Herbert H. Hauge, Special Assistant Attorney General, for appellants.

Kuhlemeier, Poor, Fischer & Cray, of Burlington, for appellee.

GARFIELD, J.— The important question presented here is whether on appeal to the district court from the disapproval by the World War II Service Compensation Board of an application for compensation the court must permit evidence to be introduced or must, as the board contends, consider only the transcript

filed by the board. The trial court held evidence aside from the transcript could be offered and considered. We affirm this decision.

Defendant board disapproved plaintiff's application for compensation on the ground he was not a legal resident of Iowa at the time he entered active service in the armed forces of the United States and had not maintained such residence for at least six months immediately prior thereto as required by section 35A.4, Code, 1950. After plaintiff appealed to the district court the board filed therein a "transcript of all documents in the proceeding * * *", as provided by Code section 35A.7. When the appeal was heard it was agreed the transcript was accepted in evidence. Plaintiff's counsel then indicated he had testimony to offer and plaintiff testified.

At the end of plaintiff's direct examination defendant (board) moved to strike it and objected to the introduction of any testimony, apparently on the ground that under section 35A.7 the court is confined to a consideration of the board's transcript. We assume, without so holding, this was a timely objection to the introduction of evidence although such objections must usually be made before the testimony is given and not in a belated motion to strike it. (See Kuiken v. Garrett, 243 Iowa 785, 804, 51 N.W.2d 149, 160, and citations; Glatstein v. Grund, 243 Iowa 541, 549, 51 N.W.2d 162, 168, and citations.)

After requiring the board to file a transcript upon appeal section 35A.7 states, "The appeal shall be heard in such district court as in equity de novo. Appeal may be taken to the supreme court from any final order * * * of the district court." There is no restriction upon the scope of the hearing in the district court.

The requirement of 35A.7 for filing a transcript appears to be patterned after the provision of section 86.27 that upon appeal from a decision of the industrial commissioner in a workmen's compensation matter the commissioner file a "transcript of all documents in the case * * *." The language of 35A.7 and 86.27 regarding a transcript is almost identical. (We have quoted only a small part thereof.)

It is significant, as the trial court pointed out, that chapter 86, much older than chapter 35A here involved, goes on to state (section 86.29), "The transcript * * * by the industrial commis-

sioner shall be the record on which the appeal shall be heard, and no additional evidence shall be heard. In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive." No such language is found in 35A.

As the trial court also observed, the provision of section 35A.7 (here in question) for the filing of a transcript is like the requirement of section 96.6 (paragraph 9) that upon appeal from a decision of the employment security commission a transcript be filed with the district court. Section 96.6 (paragraph 9) goes on to say, "The transcript * * * by the commission shall be the record on which the appeal shall be heard, and no additional evidence shall be heard." This is practically identical with the above quoted language of 86.29 relating to workmen's compensation. No reason is suggested why the legislature should omit from chapter 35A such a provision as found in 86.29 and .96.6 (paragraph 9) if it intended no evidence other than the transcript may be heard. It is not our function to supply the omission.

 Section 35A.7 is mandatory that the appeal to the district court "be heard * * * as in equity de novo." The term "de novo" has a well-defined meaning. It means anew, afresh, a second time. In re Heart River Irrigation Dist., N. D., 49 N.W.2d 217, 225; 25 C. J. S., De, page 1011, note 38; Webster's New Int. Dict., Second Ed.

A hearing de novo means that a case shall be heard the same as if it had not been heard before. Stronge & Lightner Co. v. Commissioner of Taxation, 228 Minn. 182, 36 N.W.2d 800, 807, and citations; Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W. 2d 681, 692; Archer v. High, 193 Miss. 361, 9 So.2d 647, 648; 73 C. J. S., Public Administrative Bodies and Procedure, section 203, page 554. This is especially true where the hearing is in a court of general, original jurisdiction like the district court, as in equity.

It is to be noticed section 35A.7 says the appeal shall be *heard*, not that the board's decision shall be *reviewed*. Rule 334, Rules of Civil Procedure, provides, "Review [by this court] in equity cases shall be de novo." Of course we are essentially a reviewing court, not one of original jurisdiction. A *review* proceeding is usually confined to the record made in the lower tribunal. See Denver & R. G. W. R. Co. v. Public Service Comm., 98 Utah

431, 100 P.2d 552, 554, 555; 42 Am. Jur., Public Administrative Law, section 224.

Thus where evidence was available and could have been offered to the lower tribunal, evidence is usually not permitted in a proceeding merely for review unless the statute so provides. Here, however, chapter 35A makes no provision for a hearing before the board. Disapproval of plaintiff's application was recommended by an employee of the board largely upon his ex parte investigation. Plaintiff had no opportunity to offer evidence except in the district court. To adopt defendant's contention would mean a veteran's application may be disapproved with no opportunity for him at any stage to offer evidence, in the accepted sense. We cannot approve such a result.

The authorities generally recognize that the right to a de novo hearing unlimited in scope, not a mere review, in a court of general jurisdiction implies the right to offer any competent evidence.

73 C. J. S., Public Administrative Bodies and Procedure, section 203, page 554, states: "A hearing de novo by a court of an administrative determination will be tried as any other civil action when the statute does not prescribe the procedure to be followed or limit the scope of the determination to be made."

Idem, section 204, page 555, says: "Usually, however, a court trying the issues de novo may receive and consider evidence other than that offered before the administrative body * * *."

Deshler Broom Factory v. Kinney, 140 Neb. 889, 891, 2 N.W. 2d 332, 333, 334, was an appeal from findings of the state labor commissioner in an unemployment compensation matter. The statute provided "trial de novo shall be had." The court held: "The district courts of this state are courts of general jurisdiction, and in the absence of specific statutory restriction a provision of statute providing for an appeal to and a trial de novo in the district court contemplates a trial in the commonly accepted sense of that term in a court of general jurisdiction, including the right to produce evidence in the same manner as if the action had originated in the district court."

See also Feight v. State Real Estate Comm., 151 Neb. 867, 39 N.W.2d 823, 827.

Under a statute providing "An appeal * * * in the district court * * * shall be heard and determined de novo" from a board's order as to the extent of an irrigation district, In re Heart River Irrigation Dist., supra, N. D., 49 N.W.2d 217, 226, states: "The trial court concluded, and we think correctly, * * * it might receive * * * any competent evidence * * * regardless of whether such evidence had been presented to and considered by the board * * *."

Upon an earlier appeal from a ruling on a motion to dismiss in the same case, In re Heart River Irrigation Dist., N. D., 47 N.W.2d 126, 128, it was held, "The district court under the latter section does not act as an appellate tribunal, nor as a reviewing court, but as a trial court hearing the cause anew * * *. Under such a provision (for a trial de novo) 'The court cannot, and should not, determine the questions submitted for its decision upon the record made before the statutory tribunals, but upon evidence actually produced at its own hearing.' [Citation.]"

Stronge & Lightner Co. v. Commissioner of Taxation, supra, 228 Minn. 182, 195, 196, 36 N.W.2d 800, 807, states: "Upon a trial de novo, a taxpayer may introduce evidence. * * * The hearing before the board of tax appeals is a trial de novo, not simply a review."

Regarding an appeal to the circuit court from an administrative determination of an employer's benefit wage percentage and contribution rate under an unemployment compensation law, Broadway, director v. Alabama Dry Dock & Shipbuilding Co., 246 Ala. 201, 206, 20 So.2d 41, 44, 45, holds: "The provision [of the statute] that the 'trial in that court shall be de novo with respect to his benefit wage percentage,' clearly * * * contemplates that the rate will be determined anew on evidence adduced by the parties, without any presumption in favor of the director's decision * * *."

In Collier & Wallis v. Astor, 9 Cal.2d 202, 205, 70 P.2d 171, 172, a statute provided that an appeal to the superior court from a decision of the commissioner of labor "shall be heard de novo." These exact words are found in our section 35A.7. The opinion states: "Such a hearing * * * is in no sense a review of the hearing previously held, but is a complete trial of the controversy, the same as if no previous hearing had ever been held."

Concerning an appeal to the superior court from a decision of the state board of tax appeals, Forrester v. Pullman Co., 66 Ga. App. 745, 749, 19 S.E.2d 330, 333, holds it "was a de novo investigation and the whole case is submitted * * * upon all the legal evidence that can be produced, whether such evidence has been produced on the first trial or is offered for the first time at the appeal trial in the superior court."

Other precedents which tend to support our conclusion are Ahern v. Board of Directors, 39 Colo. 409, 89 P. 963, 966; Archer v. High, supra, 193 Miss. 361, 9 So.2d 647, 648; Lone Star Gas Co. v. State, supra, 137 Tex. 279, 153 S.W.2d 681, 692.

Authorities cited by the board need not be discussed. We have considered them and find they are not in conflict with our decision. We may add that the board concedes chapter 35A should be liberally construed and a veteran should have adequate opportunity to establish his claim.

■ On the merits, the board contends the district court erred in holding plaintiff was a legal resident of Iowa when he entered active service and for six months immediately prior thereto, as required by Code section 35A.4. The contention cannot be sustained.

Plaintiff was born and reared near Kirksville, Missouri, he was married in Missouri in 1939 when only nineteen and he and his wife "went on their own." He registered for the draft at Kirksville where he then lived. In January or February 1942, he and his wife moved to Burlington, Iowa, and lived in a furnished apartment. Plaintiff was first employed in Burlington for about six months by the Leopold Desk Company. He then worked eleven months at the Iowa ordnance plant near Burlington until July 2, 1943, when he stopped work to enter active service. While waiting to be inducted he worked fifteen days for the Leopold company. He was inducted into the service in July 1943 and served about thirty-one months in the Navy.

In September 1942, plaintiff's wife divorced him in Burlington but he continued to live there in the same apartment and work at the ordnance plant. The day before he entered active service he married a lifelong resident of Burlington who continued to live there until she joined the "Waves." When discharged

from the Navy plaintiff immediately returned to Burlington where he and his second wife have since resided except for seven months when he attended school in Minneapolis under the "G. I. bill of rights." He first went to work for the Leopold company and later for the ordnance plant, where he and his wife were both employed at the time of trial in May 1951. Plaintiff's wife applied for and received compensation under chapter 35A.

Because plaintiff registered for the draft in Missouri before moving to Iowa he was inducted into the service there although he took his physical examination in Burlington. Missouri received credit for his induction. Plaintiff's registration or induction in Missouri does not support disapproval of his claim. Section 35A.4 only requires the applicant to be a legal resident of Iowa at the time of entering *active* service and for six months immediately prior thereto. Place of registration or induction, or residence at time of registration, is not the test. There was ample time between plaintiff's registration and induction for him to become a legal resident of Iowa. See Lindemuth v. Philipp, 174 Wis. 76, 182 N.W. 345.

There is only one fact shown by this record, including the board's transcript, that furnishes any support for the disapproval of this claim. A deputy director of selective service for Missouri wrote defendant board that the records of his office show plaintiff's "permanent address at time of entry" into active duty as "RFD 7, Kirksville, Mo."

Just how this Missouri record came to be made does not clearly appear. This was plaintiff's address when he registered for the draft as shown by the Missouri records and it may have been assumed by the person who made this entry there had been no change. The same records also give plaintiff's residence address when he took his physical examination for duty as Burlington.

Assuming plaintiff gave some Missouri draft official his permanent address as Kirksville when he entered active service, this is insufficient basis for disapproval of his claim in the face of the strong showing he was then a legal resident of Burlington and had been continuously for seventeen months. The permanent address of plaintiff's parents was then RFD 7, Kirksville, and his testimony indicates if he gave that address it was so they would

be notified if something happened to him. There is nothing to cast doubt on the reasonableness or honesty of such explanation. At least while plaintiff's wife was with the "Waves" any notice of his injury or death should be sent his parents.

It is perhaps unnecessary to define the term "legal resident" as used in section 35A.4, since plaintiff clearly qualified under any accepted definition when he entered active service and for seventeen months prior thereto. "Legal residence" is frequently distinguished from "actual residence" in that it is more permanent in character and there is no present intent of removing therefrom. The act of abiding and the intent to return when absent must concur. See Kollman v. McGregor, 240 Iowa 1331, 1333, 39 N.W.2d 302, 303, and citations; 17 Am. Jur., Domicil, section 11. See also authorities infra.

For present purposes as good a definition of "legal residence" as we know is "a fixed or permanent abode or habitation to which the party when absent intends to return." State v. Savre (Ladd, J.), 129 Iowa 122, 124, 105 N.W. 387, 3 L. R. A., N. S., 455, 113 Am. St. Rep. 452, and citations. See also Harris v. Harris, 205 Iowa 108, 215 N.W. 661; The Will of Olson, 63 Iowa 145, 18 N.W. 854; annotation 106 A. L. R. 6; 37 Words and Phrases 376–378; Restatement, Conflict of Laws, section 9, comment e, page 20.

We have said, "The courts, too, are inclined to deal liberally with the claimant of a residence, on the theory that he can have but one, and is entitled to make his own choice." Messenger v. Messenger, 188 Iowa 367, 373, 176 N.W. 260, 262. See too Miller v. Miller, 242 Iowa 706, 709, 46 N.W.2d 732, 733, 734.

Surely plaintiff had a legal residence somewhere. Harris v. Harris, supra (at page 112 of 205 Iowa). The record shows it was in Iowa during the time required by section 35A.4. The district court rightly held plaintiff's application should have been approved.—Affirmed.

All Justices concur except Smith, J., not sitting.