AVON W. SIMMONS, appellee, v. WORLD WAR II SERVICE COMPENSATION BOARD of Iowa and STATE OF IOWA, appellants.

No. 48019.

(Reported in 52 N.W.2d 38)

MARCH 4, 1952.

Robert L. Larson, Attorney General, and Herbert H. Hauge, Special Assistant Attorney General, for appellants.

John N. Calhoun, of Burlington, for appellee.

GARFIELD, J.—Defendant board disapproved plaintiff's application for compensation on the ground he was not a legal resident of Iowa at the time he entered active service in the armed forces of the United States and had not maintained such residence for at least six months immediately prior thereto, as required by section 35A.4, Code, 1950. On plaintiff's appeal to the district court from such disapproval the matter was heard de novo, as required by Code section 35A.7, upon the transcript filed by defendant and additional evidence offered by plaintiff.

The trial court held from the entire record it was "preponderantly shown" plaintiff was a legal resident of Iowa at the time he entered active service and had maintained such residence for at least six months immediately prior thereto. From decree awarding plaintiff compensation defendant has appealed to us.

 Defendant's contention the trial court upon appeal could consider only the transcript and could not hear additional evidence is foreclosed by Mason v. World War II Serv. Comp. Bd., 243 Iowa 341, 345, 51 N.W.2d 432, 434.

We are also content with the trial court's decision on the merits.

 Plaintiff was born in Missouri in December 1920. He and his wife, with his parents, moved to Burlington, Iowa, in January 1942. There is evidence he lived in Gulfport, Illinois, across the Mississippi River from Burlington, for the two preceding years. Both couples lived in a five-room apartment in Burlington and plaintiff worked there in the Iowa Ordnance plant

until he entered active service August 17, 1942. Plaintiff registered in Burlington for the draft in February 1942. While he was in active service his wife remained in Burlington with his parents.

When he was discharged from service in September 1945 plaintiff returned to Burlington for three or four months. He then moved to Nebraska for four or five months and from there to a place in Illinois where his parents had moved, twenty miles east of Burlington. In 1947 he returned to Burlington, then to Missouri for a little over a year, to Nebraska for three or four months, and finally in March 1950 back to Burlington. When the appeal was heard in district court in May 1951 plaintiff was still living in Burlington and working at the Iowa Ordnance plant there. Plaintiff testified that when he moved to Burlington in January 1942 he intended to make it his home. He never applied for "a bonus" to any other state.

Although perhaps plaintiff's showing he was a legal resident of Iowa when he entered active service and for six months immediately prior thereto is not so strong as that in Mason v. World War II Serv. Comp. Bd., supra, it is sufficient. This plaintiff registered for the draft in Iowa—Mason registered in Missouri. As stated in the Mason opinion, plaintiff "had a legal residence somewhere" during the period in question.

Plaintiff, his wife and parents came to Burlington, Iowa— he says, intending to make it his home. He was an actual resident of Burlington throughout the required period. There is no fair basis for holding he was not also a legal resident there during that time. It is true plaintiff was in Iowa only seven months or a little less before entering active service. However, Code section 35A.4 requires only six months legal residence in Iowa before such entry. Defendant did not disapprove plaintiff's application on the ground, nor is it argued, he was not in Iowa at least six months.

Applicable legal principles and authorities may be found in the Mason opinion, supra, and need not be repeated here.—Affirmed.

All JUSTICES concur.