**CITY OF WEBSTER CITY,
Iowa, Plaintiff,**

**v.**

**Honorable Newt DRAHEIM as Judge of
the District Court of Iowa In and For
Hamilton County, Defendant.**

**No. 63302.**

Supreme Court of Iowa.

May 21, 1980.

Kieth Van Doren and Don J. Bottorff of Hemingway, Myers & Bottorff, Webster City, for plaintiff.

Francine A. O'Brien, Fort Dodge, for defendant.

Considered by REYNOLDSON, C. J., and REES, UHLENHOPP, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

The question presented in this certiorari action is whether defendant district court judge acted illegally and in excess of his jurisdiction, on an appeal from a part-time magistrate's judgment in a case involving alleged violation of a city ordinance, by refusing to proceed with trial de novo and instead ordering the case remanded for retrial before a different magistrate. We believe the order was entered without authority and sustain the writ.

City of Webster City is plaintiff in this certiorari action.

On June 8, 1978, City filed a criminal action against Abbas Habhab, charging him with maintaining a nuisance in violation of a section of the Webster City Municipal Code. Violation of that city ordinance subjected Habhab to a penalty not in excess of thirty days in jail or a fine not in excess of one hundred dollars. On July 24, a trial was held before a part-time magistrate appointed under section 602.50, The Code. Habhab was found guilty as charged. He appealed to the district judge.

The appeal was to be heard de novo on March 23, 1979. On that date the City and Habhab appeared in Hamilton County district court. Habhab expressed dissatisfaction with his trial before the judicial magistrate, claiming prejudice on the part of the presiding magistrate. The following then transpired:

THE COURT: Do you desire, Mr. Habhab, to have it [the case] remanded to magistrate court, a different magistrate, or do you desire to proceed with this Court today?

MR. HABHAB: I would like to have my case tried in another magistrate court where I could bring me in a bonafide lawyer.

The district judge ordered, over City's objection, that the case be remanded to another magistrate for retrial on the basis of Habhab's claim.

We granted the City's petition for writ of certiorari to review the district judge's order.

"Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally." Iowa R.Civ.P. 306; *Dole v. Harstad*, 278 N.W.2d 907, 909 (Iowa 1979); *In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979).

City contends the district judge acted illegally in refusing to proceed with trial de novo as required by Iowa R.Crim.P. 54 on the appeal from the magistrate's judgment,

and that the district judge exceeded his jurisdiction in remanding the case for retrial before another magistrate. City requests the remand order be annulled and the district court judge ordered to proceed to trial de novo of the case. Iowa R.Civ.P. 316.

Defendant judge says the order was proper for several reasons.

Rule 54(1) in effect at the time of appeal provided in part:

An appeal may be taken by the plaintiff only upon a finding of invalidity of an ordinance or statute. In all other cases, an appeal may be taken by the defendant and only upon a judgment of conviction. . . . When an appeal is taken, the magistrate shall forward to the district court clerk [the papers in the case] . . . If the original action was tried by a magistrate appointed under section 602.50 or 602.58, the district judge shall promptly hear the appeal de novo. . . . The judge shall decide the appeal without regard to technicalities or defects. Judgment shall be rendered as though the case were being originally tried. The right to further appeal is governed by section 814.6 [of the Code.]

We now will consider the various contentions of the parties:

I. Defendant judge first asserts that rule 54 is inapplicable to appeals by persons convicted of city ordinance violations before a judicial magistrate. Defendant argues that the title of section 813.3, The Code 1979, is "Trial of simple misdemeanors." Iowa R.Crim.P. 32, thereunder, states: "The rules set forth in this section [Iowa R.Crim.P. 32–56] shall apply to trial of simple misdemeanors, and attendant proceedings and to appeals from conviction in such cases." "All public offenses which are not felonies are misdemeanors. . . . Where an act is declared to be a public offense, crime or misdemeanor, but no other designation is given, such act shall be a simple misdemeanor." § 701.8, The Code. However, section 701.2 provides: "A public offense is that which is prohibited by statute and is punishable by fine or imprison-

ment." An ordinance is "a city law of a general and permanent nature," section 362.2(18), The Code, and not a statute enacted by the legislature. Therefore, defendant finally argues that an ordinance violation is not a public offense, and as such, is not a misdemeanor governed by the Rules of Criminal Procedure contained in section 813.3, particularly Iowa R.Crim.P. 54(1).

We need not pass on the merits of defendant's argument because we believe other relevant statutes and rules, as well as the legislative plan for trial and appeal of city ordinance violation cases in our court system, control the result reached. We believe the legislative plan for judicial processing of a city ordinance violation case is for a trial before a judicial magistrate, section 602.60, appeal of right by a defendant to a district judge, Iowa R.Crim.P. 54, and discretionary review available in our court, section 814.6(2)(d).

Section 602.60 provides: "Judicial magistrates shall have jurisdiction of simple misdemeanors, including traffic and ordinance violations . . . ." Therefore, original jurisdiction is granted to judicial magistrates in city ordinance violation cases. We also note that section 814.6(2)(d) provides our court with discretionary review of district court judge's orders or judgments in simple misdemeanor and ordinance violation convictions. Because our court is granted discretionary review of these judgments or orders, it is necessary that a city ordinance violation case be appealable in some manner from a magistrate's judgment to a district judge. Iowa R.Crim.P. 54 states that the right to further appeal from a district judge's determination of a case once appealed from a magistrate's judgment to a district judge is governed by section 814.6 of The Code. As we stated above, section 814.6(2)(d) governs both simple misdemeanors and city ordinance violation cases. We believe the legislature intended to have rule 54 apply to city ordinance violations, which have penalties commensurate to simple misdemeanors, as well as to simple misdemeanors.

Sections 801.1–801.3 buttress our holding that the legislature intended to have rule 54 apply to cases involving the violation of city ordinances. Section 801.1 provides: "Chapters 801 to 819 shall be known and may be cited as the 'Iowa code of criminal procedure.'" Section 801.2 states: "The provisions of the Iowa code of criminal procedure shall govern procedure in the court of Iowa in *all* criminal proceedings except where a different procedure is *specifically provided* by law." (Emphasis added.) Section 801.3 provides:

The provisions of the Iowa code of criminal procedure shall be *liberally construed* to give effect to the general purposes thereof, which shall be to provide for:

1. Simplicity in criminal procedure.

2. Fairness in administration of the criminal laws.

3. Elimination of unjustifiable delay in pretrial, trial, and post-trial proceedings.

4. *Just determination of every criminal proceeding by a fair and impartial trial and review.*

5. The effective apprehension and trial of persons suspected of committing public offenses without violation of fundamental human rights.

(Emphasis added.)

Because the trial and review of the violation of the city ordinance involved in the present case is a criminal proceeding, we believe the legislature, by its clear expressions in sections 801.2 and 801.3, intended that rule 54 apply to violations of city ordinances of the type involved in the present case.

If we were to find, as defendant requests, that rule 54 does not apply to city ordinance violations of the type Habhab was charged with, the Iowa code of criminal procedure would be void in its dealing with appeals in such cases from judicial magistrate judgments. Such a result was clearly not intended by the legislature when they codified criminal procedures for *all* cases in the courts of Iowa.

**1.** See the amendment to Iowa R.Crim.P. 54 in 1979 Session, 68 G.A., chapter 174, effective July 1, 1979, which substitutes "try the case

In making our determination under this division, we note that Iowa R.Crim.P. 29 states: "If no procedure is specifically prescribed by these rules [of criminal procedure] or by statute, the court may proceed in any lawful manner not inconsistent with same." Because we hold that rule 54 did apply to Habhab's appeal from conviction before a magistrate of a city ordinance violation and governed the handling of the case on appeal before a district judge, rule 29 has no applicability to the present case.

We find no merit in defendant's contention.

■ II. The City claims that under rule 54 the district judge was obligated to hear the appeal de novo and not, in substance, grant Habhab a new trial before a judicial magistrate. We agree.

■ Rule 54 states: "If the original action was tried by a magistrate appointed under section 602.50 or 602.58, the district judge shall promptly hear the appeal de novo. . . . Judgment shall be rendered as though the case were being originally tried." A hearing de novo on appeal "ordinarily signifies the case is heard anew, afresh, a second time . . . ." *Buda v. Fulton*, 261 Iowa 981, 984, 157 N.W.2d 336, 338 (1968); *Mason v. World War II Service Compensation Board*, 243 Iowa 341, 344–45, 51 N.W.2d 432, 434 (1952). Iowa statutes have long provided for trial anew on appeal to a district court judge. *City of Des Moines v. Putzier*, 264 N.W.2d 733, 735 (Iowa 1978).[1]

Habhab was entitled to a new trial before the district judge. We believe that is what rule 54 means.

The district judge should have tried the case anew. No authority exists in the rule to remand the case to another part-time magistrate.

We now will deal briefly with other contentions made by defendant.

anew" for the words "hear the appeal de novo."

III. Defendant claims that the legislative intent behind rule 54 is protection of Habhab's trial rights and that Habhab could and did waive his right to trial de novo before a district judge. However, there is no statutory authority for a defendant to waive trial de novo before a district judge and ask for a remand to a judicial magistrate for new trial. In *State v. Henderson*, 287 N.W.2d 583 (Iowa 1980), we held a criminal defendant had an absolute right to waive trial by jury due to the language of Iowa R.Crim.P. 16. However, no trial waiver provision appears in rule 54. Once Habhab appealed from the magistrate's judgment, the parties and district judge were governed by rule 54 to hear the case de novo before the district judge. This result also comports with the legislative plan for judicially processing simple misdemeanors and city ordinance violations.

In addition, under the factual posture of this case, it cannot be said Habhab even attempted to waive his right to trial de novo before the district judge. The district judge offered defendant two choices at trial. First, to have his case remanded to a judicial magistrate, and second, to proceed that day before a district judge. As we have determined above, the district judge had no power to remand the case before him. By selecting an illegal remedy offered by the district judge, instead of his legal remedy, Habhab cannot be said to have waived his right to trial de novo before the district judge. Habhab merely selected a remedy that the district judge had no power to offer or grant. Habhab continued to seek proper review of the magistrate's decision in his case.

IV. Iowa R.Crim.P. 34 provides: "District judges may transfer any simple misdemeanors pending before them to the nearest judicial magistrate or district associate judge." Defendant says rule 34 gave him discretion to remand and transfer the case to a different part-time magistrate, and defendant did not abuse this discretion.

We believe, however, rule 34 refers to the situation where the case had not previously been tried and speaks to questions of original jurisdiction to try a case. A case could get before a district judge as a "committing magistrate" under Iowa R.Crim.P. 1(2)(a) and 2 in pretrial proceedings. *See also* § 602.4, The Code. In that context, a district judge could then transfer a simple misdemeanor to a magistrate or associate district judge for further handling and trial.

If defendant's contention were followed, it is conceivable that a simple misdemeanor or ordinance violation case, after trial before a magistrate, could never remain before a district judge to be heard de novo if the district judge used rule 34 to persist in transferring the case back to a judicial magistrate for new trials.

Habhab's case was presented to the district judge on appeal from a magistrate's judgment. We do not believe rule 34 has any application to such cases.

V. Next, defendant says the part-time magistrate abused her discretion in denying a motion by Habhab for change of judge pursuant to Iowa R.Crim.P. 10(9)(c), and that in the interests of justice the district judge could remand the case to another magistrate. However, rule 54 is designed to provide a criminal defendant with a new trial before a district judge. That trial would correct any errors that may have occurred during trial before a judicial magistrate. Under rule 54 the district judge's authority is to hear and decide the case anew as if it had not been tried before a magistrate. The district court does not, in cases tried pursuant to rule 54, review for errors in the trial before the magistrate.

VI. Finally, defendant claims that Habhab's appeal to a district judge was in essence a motion for new trial and a district judge has the inherent authority to remand the case to a judicial magistrate for new trial.

Habhab had not filed a motion for new trial in the proceeding before the magistrate under Iowa R.Crim.P. 55 and 23(2). Again, we believe the district judge's authority and duty under rule 54 was to hear the case de novo and not to grant Habhab a new trial before a judicial magistrate.

We hold that the district judge, although exercising a judicial function, acted illegally in his order remanding the Habhab alleged city ordinance violation case to a magistrate for retrial. That order is annulled, and the city ordinance violation case appeal shall be promptly tried anew before a district judge.

WRIT SUSTAINED.