# IN THE COURT OF APPEALS OF IOWA

No. 15-0713
Filed November 25, 2015

IN THE MATTER OF R.S.,
Alleged to be Seriously
Mentally Impaired

R.S.,
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Karen Romano, Judge.

Respondent challenges an involuntary commitment order issued pursuant to Iowa Code chapter 229 (2015). **AFFIRMED.**

James R. Quilty of Quilty Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

R.S. challenges an involuntary mental health commitment order issued pursuant to Iowa Code chapter 229 (2015). On appeal, R.S. contends: the district court erred in ordering the involuntary hospitalization of a patient already voluntarily submitting to inpatient care; and the court's order violates R.S.'s constitutional rights because continued voluntary inpatient care would have provided the least restrictive environment. We affirm the order of the district court.

R.S. is a thirty-year-old male with a history of chronic paranoid schizophrenia. R.S.'s guardian voluntarily admitted R.S. to the Broadlawns Medical Center for inpatient psychiatric treatment in January 2015. This was R.S.'s sixth admission to Broadlawns for psychiatric treatment since 2007. In February 2015, R.S.'s primary treating psychiatrist allowed R.S.'s family to take R.S. out of the hospital for a few hours to get a haircut. In March 2015, R.S.'s mother attempted to obtain a day pass to take R.S. to visit family and friends. R.S.'s regular treating psychiatrist was on vacation and a different doctor concluded R.S. should not be allowed to leave the medical center. Hospital staff filed an application for involuntary hospitalization. *See generally* Iowa Code § 229.4(3) (allowing application for involuntary commitment when voluntarily admitted patient seeks release and medical officer concludes patient is seriously mentally impaired). The matter came on for hearing, and the district court granted the application and ordered R.S. involuntarily committed.

"An involuntary civil commitment proceeding is a special action that is triable to the court as an action at law." *In re B.T.G.*, 784 N.W.2d 792, 796 (Iowa Ct. App. 2010). Challenges to the sufficiency of the evidence in involuntary commitment proceedings are reviewed for correction of errors at law. *See* Iowa R. App. P. 6.907; *In re B.B.*, 826 N.W.2d 425, 428 (Iowa 2013). The applicant must establish by clear and convincing evidence the grounds authorizing involuntary commitment. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998). Evidence is clear and convincing when there is "no serious or substantial doubt about the correctness of a particular conclusion drawn from the evidence." *Id.* A district court's findings are binding on us if supported by substantial evidence. *See id.* "We review constitutional claims de novo." *In re S.P.*, 719 N.W.2d 535, 538 (Iowa 2006).

Involuntary commitment under Iowa Code chapter 229 is authorized only upon a finding the person is "seriously mentally impaired" or has a "serious mental impairment" as defined in section 229.1(17). The definition has three elements: (1) the person must be afflicted with a mental illness; (2) the person must lack sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment; and (3) the person must be likely, if allowed to remain at liberty, to inflict physical injury on the "person's self or others," to inflict emotional injury on the person's family or others who lack reasonable opportunity to avoid contact with the person, or to suffer physical debilitation or death due to the inability of the person to satisfy the person's needs. *See* Iowa Code § 229.1(17); *In re Foster*, 426 N.W.2d 374, 377 (Iowa 1988). The third

element is commonly referred to as the endangerment element. *See In re J.P.*, 574 N.W.2d at 344. Although the civil commitment statute does not explicitly require such proof, our courts have required endangerment to be established by a recent overt act, attempt, or threat. *See In re Mohr*, 383 N.W.2d 539, 542 (Iowa 1986). Ultimately, the endangerment element is "grounded on future rather than past danger." *Id.*

Although the respondent does not directly raise the issue, and although the issue was not preserved for appeal, we address whether there was sufficient evidence establishing the respondent had a "serious mental impairment" authorizing involuntary commitment because the issue is implicit in and material to the resolution of the respondent's other claims. R.S. has a long history of chronic paranoid schizophrenia, presenting with chronic auditory and visual hallucinations even when treated with medication. He concedes his mental health condition and diagnosis is not in dispute. There is substantial evidence establishing R.S. lacks sufficient judgment to make responsible decisions regarding hospitalization and treatment. Specifically, the physician's report and the treating doctor's testimony each establish the same. The evidence also shows R.S. is a danger to himself and others if he were allowed to remain at liberty as evidenced by recent overt acts. Specifically, in February 2015, R.S. became aggressive toward medical staff and struck at them, requiring several hospital staff members to restrain him. Prior to hospitalization, R.S. resided in a group home where he put another resident in a headlock and rammed the resident's head into an entertainment center. R.S.'s doctor also testified R.S.'s

behaviors are unpredictable and present a sudden risk of danger to R.S. and others. For example, immediately prior to the initiation of this proceeding, R.S. tore a light off the ceiling in the hospital while hallucinating without demonstrating any symptoms prior to this action that might have provided warning. In sum, there is clear and convincing evidence establishing R.S. has a "serious mental impairment."

We reject both R.S.'s argument the district court erred in ordering involuntary hospitalization solely because R.S. was already voluntarily treating on an inpatient basis and R.S.'s related argument the order violated his constitutional rights. R.S. cites no authority for the proposition the district court was required to continue his voluntary commitment as the least restrictive environment for treatment. The code provides for the opposite, allowing involuntary commitment proceedings to be commenced even when a person has voluntarily admitted himself for mental health treatment. *See* Iowa Code § 229.4(3). In addition, the code vests discretion in the chief medical officer to determine when the best interests of an involuntarily committed patient would be served by granting a convalescent or limited leave. *See* Iowa Code § 229.15(5)(a). There is no constitutional right to continue voluntary treatment on an inpatient basis as the least restrictive environment where the grounds authorizing involuntary commitment have been established. *See Youngberg v. Romeo*, 457 U.S. 307, 319-20 (1982) ("We have established that Romeo retains liberty interests in safety and freedom from bodily restraint. Yet these interests are not absolute; indeed to some extent they are in conflict. In operating an

institution . . . there are occasions in which it is necessary for the State to restrain the movement of residents—for example, to protect them as well as others from violence."); *Hanson v. Clarke County*, 867 F.2d 1115, 1120 (8th Cir. 1989) (applying Iowa law); *In re T.C.F.*, 400 N.W.2d 544 (Iowa 1987) (rejecting challenge to chapter 229 "on the basis it fails to consider less restrictive alternatives" prior to the hospitalization order).

The initial involuntary commitment determination—at issue in this appeal—is constitutional when the applicant has established by clear and convincing evidence the grounds for commitment and a recent overt act establishing endangerment to self or others. *See In re Mohr*, 383 N.W.2d at 542. As set forth above, there is sufficient evidence authorizing involuntary commitment in this case.

**AFFIRMED.**